IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| HUGUETTE NICOLE YOUNG, <br><br> Plaintiff, <br><br> vs. <br><br> CLARE CONNORS, in her official capacity as Attorney General of Hawaiʻi, <br><br> Defendant. | Case No. CV 20-00425 DKW-KJM <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER IFP APPLICATION** |

On October 5, 2020, Plaintiff Huguette Nicole Young filed an application to proceed without payment of fees or costs, otherwise called an *in forma pauperis* or "IFP" application. Dkt. Nos. 3. In her initial application and in subsequent filings, Young has refused to disclose financial information that would enable the Court to meaningfully assess her IFP application. As such, Young's motion to reconsider her IFP application is DENIED.

## RELEVANT BACKGROUND

On October 5, 2020, Young filed a complaint along with an IFP application. Dkt. Nos. 1, 3. In her IFP application, Young provided no financial information. Dkt. No. 3. Instead, she argued that no fee, or at least a reduced fee, should be required for the type of claim she advanced, that she should not be required to provide financial information, and that the Court should allow for methods other

than financial disclosure to approve an IFP application.  *See* Dkt. Nos. 3-1, 3-2, 3-3.  On October 6, 2020, the Court filed an order explaining the need for Young's financial information and directing its disclosure within a week if Young intended to pursue IFP status.  Dkt. No. 8.  After ten days passed without a response, on October 16, 2020, the Court DENIED Young's IFP application.  Dkt. No. 11.  Plaintiff responded on October 22, 2020 asking the Court to reconsider.  Dkt. No. 14.  This order follows.

## **DISCUSSION**

Section 1915(a)(1) permits a district court to authorize the commencement of civil suit without prepayment of fees or security therefor by "a person who submits an affidavit that includes a statement of all assets" and that demonstrates an inability to pay.  28 U.S.C. § 1915(a)(1).  That affidavit "must allege poverty with some particularity, definiteness and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)); *see also Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960) ("[I]t is proper *and indeed essential* for the [affidavit supporting an IFP application] to state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (emphasis added).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948),

the applicant must nonetheless *show* that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a)(1).

The disclosure requirements in Section 1915(a) apply to prisoner and non-prisoner filers alike.  *Adkins*, 335 U.S. 331 (non-prisoner plaintiff required to comply with IFP affidavit requirements); *Escobedo v. Applebees*, 787 F.3d 1226 (same); *see also Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners").

Young's arguments that she need not provide financial disclosures because requiring such violates privacy concerns, Dkt. No. 3-1 at 5–6, or that this Court must use a method other than financial disclosure to find she may proceed IFP, *id.* at 2; Dkt. No. 14 at 4–5, are unavailing.  If privacy is of genuine concern, Young may provide her financial disclosures and move, consistent with Local Rule 5.2, to file the information under seal.  And contrary to her arguments, "[i]t [i]s within the court's discretion to make a factual inquiry . . . and to deny the motion [to proceed IFP] when [applicants are] unable, or unwilling, to verify their poverty." *McQuade*, 647 F.2d at 940.  Finally, her argument that it is unconstitutional to charge the same filing fee for Constitutionally-based civil claims as for all other civil claims, Dkt. No. 3-1 at 2–4, does not square with the text of the statute, which

makes no such distinction.  *See* 28 U.S.C. § 1914(a) (expressing only writs of habeas corpus may routinely be filed for a lesser fee).

## CONCLUSION

As Young has refused to provide any financial information, either in her initial application or in the weeks since the Court ordered she do so, to verify her inability to pay costs and fees, her motion for reconsideration, Dkt. No. 14, is DENIED.  **Young is ORDERED to pay the full civil filing fee no later than November 6, 2020**.  The Court cautions that if the filing fee is not paid in full by that date, the Court will, with no further notice, dismiss Young's complaint, consistent with applicable law, including Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 30, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Huguette Nicole Young v. Clare Connors, Civil No. 20-00425-DKW-KJM;
**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER IFP APPLICATION**